George William LUCAS, Jr., Petitioner,

v.

J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 69–C–41–H.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Feb. 24, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed in forma pauperis by George William Lucas, Jr., a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed in the United States District Court for the Eastern District of Virginia, and by order dated December 12, 1969, was transferred to this court.

Petitioner is currently serving a sentence of five years in the Virginia State Penitentiary System, pursuant to a judgment of the Circuit Court of Augusta County, imposed on March 19, 1968, for rape. The conviction resulted after a trial by jury in which petitioner, represented by court-appointed counsel, entered a plea of not guilty.

Petitioner currently seeks relief on two grounds. First, he raises a number of factual matters which he alleges amounted to ineffective representation of counsel. Secondly, he alleges that the evidence was insufficient. Petitioner has exhausted his state remedies as required by 28 U.S.C. § 2254 only as to the second contention. With the aid of counsel, petitioner directly appealed his conviction, alleging insufficiency of the evidence and other matters. Ineffective representation of counsel was not alleged on this direct appeal. The petitioner has failed to present this claim at least once to the Virginia Supreme Court of Appeals. As to the insufficiency of the evidence, on October 14, 1969, after consideration the Virginia Supreme Court of Appeals rejected this claim and others affirming the judg-

ment of the trial court. Having presented the claim of insufficiency of the evidence at least once to the highest court of the state, the state court remedies as to that claim are exhausted.

■ In a habeas corpus proceeding a federal court may not set aside a state court conviction under the due process clause of the Fourteenth Amendment on the grounds of insufficiency of the evidence unless the conviction was "totally devoid of evidentiary support." Faust v. State of North Carolina, 307 F.2d 869, 872 (4th Cir. 1962), cert. denied, 371 U.S. 964, 83 S.Ct. 547, 9 L.Ed.2d 511 (1963). Rather than being "totally devoid of evidentiary support", the trial transcript amply demonstrates the guilt of petitioner.

■ While the petitioner has not exhausted his state court remedies on his ineffective representation of counsel claim, his claims do not raise federal constitutional issues to be heard on habeas corpus. Petitioner claims that his counsel would not secure an appeal bond or secure a "copy of his appeal". Petitioner has not alleged any prejudice resulting from the failure to secure the appeal bond or any necessity for being given a copy of the appeal at that time by his counsel.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.